UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDALL SAPP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3** |
| **WOOD GROUP PSN, INC., et al.** | **SECTION: "G"(3)** |

## ORDER

In this litigation, Plaintiff Randall Sapp, a platform mechanic working on a platform at Eugene Island 32A, alleges that he was severely injured when he attempted to hoist a valve from a vessel onto the platform.[1] Pending before the Court is Defendant Wood Group PSN, Inc.'s ("Wood Group") "Motion for Summary Judgment on the Negligence Claims of Plaintiff."[2] Having reviewed the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.   *Factual Background*

Plaintiff alleges that on October 10, 2014, he was working as a platform mechanic for Shamrock Management, LLC on a platform at Eugene Island 32A that is owned and operated by Defendant Energy XXI Gulf Coast, Inc. ("Energy XXI").[3] He alleges that Defendants Wood Group and Flow Petroleum Services, Inc. ("Flow Petroleum") were also performing work on the platform.[4] According to Plaintiff, on October 10, 2014, Defendant Abe's Boat Rentals, Inc. ("Abe's Boat Rentals") transported a choke valve out to the platform, tied the valve to a rope, and signaled for the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 74.

[3] Rec. Doc. 1 at pp. 2–3.

[4] *Id.* at p. 3.

workers on the platform to lift the valve.[5] Plaintiff alleges that he was severely injured while attempting to hoist the valve onto the platform.[6]

### B. *Procedural Background*

On January 2, 2015, Plaintiff filed a complaint against Defendants, alleging that his injury was caused by the negligence of Defendants.[7] On October 21, 2015, with leave of Court, Shamrock Energy Solutions, LLC ("Shamrock") and American Longshore Mutual Association, Ltd. ("American Longshore") filed a complaint of intervention, alleging that, having paid Plaintiff workers' compensation benefits, they are entitled to recover "by preference and priority" any money received by Plaintiff.[8]

On November 23, 2015, Abe's Boat Rentals filed a "Motion for Summary Judgment of Abe's Boat Rentals, Inc."[9] On November 24, 2015, Defendants and Plaintiff filed a "Motion for Summary Judgment to Dismiss the Complaint of Intervention."[10] On the same day, Defendants filed a "Motion to Exclude Cumulative Expert Testimony"[11] and a "Motion to Exclude and/or Limit Expert Testimony."[12] Also on November 24, 2015, Wood Group filed two motions for summary judgment, "Motion for Summary Judgment on the Negligence Claims of Plaintiff"[13] and "Motion

---

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 1.

[8] Rec. Doc. 34.

[9] Rec. Doc. 69.

[10] Rec. Doc. 71.

[11] Rec. Doc. 72.

[12] Rec. Doc. 73.

[13] Rec. Doc. 74.

2

for Summary Judgment on the Borrowed Employee Status of Derrick Runge and Clark Jackson."[14] On December 16, 2015, Wood Group filed a motion to withdraw its "Motion for Summary Judgment on the Borrowed Employee Status of Derrick Runge and Clark Jackson,"[15] which was granted on December 17, 2015.[16]

On December 4, 2015, Plaintiff filed his opposition to the instant motion.[17] The same day, the Court denied Wood Group's request for oral argument on the motion.[18] On December 9, 2015, with leave of Court, Wood Group filed a reply.[19]

## II. Parties' Arguments

### A.   *Defendant Wood Group's Arguments in Support of its Motion for Summary Judgment*

Wood Group moves for summary judgment on Plaintiff's negligence claim on the grounds that Plaintiff has "failed to present any evidence of a breach of any duty by Wood Group or [that] Wood Group's actions were the cause of his alleged injuries."[20] Wood Group asserts that in order to establish negligence under Louisiana law, Plaintiff must show: "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached."[21] Wood Group contends that Plaintiff offers nothing more

---

[14] Rec. Doc. 76.

[15] Rec. Doc. 110.

[16] Rec. Doc. 111.

[17] Rec. Doc. 84.

[18] Rec. Doc. 86.

[19] Rec. Doc. 103.

[20] Rec. Doc. 74-1 at p. 9.

[21] *Id.* (quoting *McCarty v. Vastar Res., Inc.*, No. CIV. A. 01-2206, 2002 WL 1791974, at *1–2 (E.D. La. Aug. 5, 2002) (Vance, J.)).

3

than "conclusory allegations" and "unsubstantiated assertions" through his "self-interested testimony" in support of his claim.[22] Wood Group contends that Plaintiff's evidence is insufficient to defeat a motion for summary judgment.[23]

According to Wood Group, Plaintiff's sole allegation of negligent conduct is an alleged slip of the lifting rope by a half inch to an inch that, Plaintiff alleges, resulted in grievous injuries.[24] Wood Group asserts that although every element of Plaintiff's testimony regarding the events leading up to and including his alleged injury is contradicted by the testimony of at least two other witnesses, it concedes that an evaluation of Plaintiff's credibility is improper in a motion for summary judgment.[25] However, Wood Group maintains that even taking Plaintiff's statements as true, the slip of a lifting rope by a half inch to an inch cannot constitute a breach of a duty to Plaintiff.[26] Wood Group contends that the lack of a breach is demonstrated by the fact that Derrick Runge ("Runge") and Clark Jackson ("Jackson"), the men that were "*actually tasked* with lifting the valve," "completed the lifting of the valve without incident or injury once the plaintiff was out of the way."[27] Wood Group asserts that Plaintiff would have the Court believe that a slight slip subjected Plaintiff's body to the full weight of the valve, but this is unsupported by any testimony, expert or otherwise.[28]

---

[22] *Id.* at pp. 9–10.

[23] *Id.*

[24] *Id.* at p. 10.

[25] *Id.*

[26] *Id.*

[27] *Id.* at pp. 10–11.

[28] *Id.* at p. 11.

Wood Group also asserts that even if Wood Group is found to have breached a duty, Plaintiff's alleged injury was not caused by Wood Group's actions.[29] Wood Group contends that although cause-in-fact is determined using a but-for inquiry, the conduct at issue must be a substantial factor in bringing about the harm.[30] However, Wood Group asserts that the real cause of Plaintiff's alleged injury was Plaintiff's "unilateral and unauthorized intervention in a controlled procedure performed by qualified and capable personnel."[31] Furthermore, Wood Group avers that the pivotal fact which is not in dispute is that "regardless of any alleged negligence involved in the way the valve was lifted – *plaintiff was not injured while lifting*."[32] In support, Wood Group points to the depositions of Runge and Jackson for the assertion that Plaintiff's intervention was never requested, Plaintiff was specifically instructed to stay away from the area, and Plaintiff attempted to intervene in a production operation that was unrelated to his job aboard the platform.[33]

In support of its argument that Wood Group's actions were not the cause of Plaintiff's injuries, Wood Group cites the Fifth Circuit in *Westchester Fire Insurance Co. v. Haspel-Kansas Investment Partnership*.[34] Wood Group asserts that, in that case, the Fifth Circuit considered whether the defendants' failure to provide security for the parking lot where the plaintiff was shot constituted negligence.[35] Wood Group contends that the Fifth Circuit held that even if the defendants had a duty to provide security for the lot and even if the defendants breached that duty, the plaintiff's injuries

---

[29] *Id.*

[30] *Id.* (quoting *Westchester Fire Ins. Co. v. Haspel-Kansas Inv. P'ship*, 342 F.3d 416, 420 (5th Cir. 2003)).

[31] *Id.* at p. 12.

[32] *Id.*

[33] *Id.* (citing Rec. Doc. 74-11 at pp. 13, 17; Rec. Doc. 74-15 at p. 13).

[34] *Id.* at p. 13 (citing 342 F.3d 416 (5th Cir. 2003)).

[35] *Id.*

were not caused by the defendants' breach.[36] Wood Group avers that, similarly, even if the Court here accepts Plaintiff's allegation that the method of lifting the valve was unsafe, the actual cause-in-fact of Plaintiff's alleged injury was his ill-advised intervention.[37]

### B.     *Plaintiff's Arguments in Opposition*

Plaintiff first contends that the motion for summary judgment should be denied because Louisiana law is clear that "breach and causation are issues traditionally left to the trier of fact."[38] Next, Plaintiff avers that the "slipping/releasing of the rope" by Runge and Jackson "is obviously a breach of the duty not to create an unreasonable risk of harm."[39] Plaintiff contends that "[b]y releasing the rope that was holding the choke valve, even half an inch, it caused all of the weight previously being held taut and distributed between Mr. Runge, Mr. Jackson and the guardrail to all be dropped onto Plaintiff, which created the foreseeable jerking because, with his hands on the choke, he was forced to attempt to support all 200 pounds from a very awkward position."[40] Plaintiff also notes that he has filed a motion to compel regarding Wood Group's non-disclosure of its safety and training materials.[41] Furthermore, Plaintiff contends that all the actions that went into tying the rope to the choke and hoisting it into the air breached a duty not to create a hazardous condition.[42] Additionally, Plaintiff asserts that the decision to perform this task manually with a rope constitutes

---

[36] *Id.*

[37] *Id.*

[38] Rec. Doc. 84 at pp. 6–7 (citing No. 11-1453, 2012 WL 6202988, at *9 (E.D. La. Dec. 12, 2012) (Brown, J.)).

[39] *Id.* at p. 8.

[40] *Id.*

[41] *Id.*

[42] *Id.*

a breach of the duty not to create a hazardous condition.[43] In support, Plaintiff cites Defendant Energy XXI's safety manual that he alleges provides that no one worker is supposed to lift more than fifty pounds and any non-routine tasks require a report to discuss possible hazards to avoid injury.[44]

In opposition to Wood Group's contention that Plaintiff was not injured by its actions, Plaintiff responds first that cause-in-fact is a factual determination traditionally left to the trier of fact.[45] Plaintiff also asserts that there remain genuine issues of material fact regarding whether Plaintiff was supposed to be present for this task, how he was injured, and the manner in which it was contemplated that the choke valve would be brought onto the deck.[46] In support, Plaintiff points to the deposition testimony of Runge and Jackson.[47] In addition, Plaintiff asserts that he has testified that he was supposed to be part of the task and that Jackson also testified that Plaintiff asked to assist and was granted authorization.[48]

Plaintiff also asserts that *Westchester Fire Insurance Co.*, the Fifth Circuit case cited by Wood Group, is distinguishable because, in that case, the district court had found that the actions of a completely unrelated third party were to blame, whereas, in this case, there is no unrelated third party.[49] In addition, in response to Wood Group's contention that Runge and Jackson were able to

---

[43] *Id.* at pp. 8–9.

[44] *Id.* at p. 9 (citing Rec. Doc. 84-8).

[45] *Id.*

[46] *Id.*

[47] *Id.* (citing Rec. Doc. 84-6 at p. 6; Rec. Doc. 84-5 at p. 9).

[48] Rec. Doc. 84-4 at p. 2; Rec. Doc. 84-5 at p. 10.

[49] Rec. Doc. 84 at p. 10 (citing 342 F.3d 416, 420–21 (5th Cir. 2003)).

complete the task without further injury, Plaintiff asserts that "just because luck allows no further harm to be endured, the negligent parties are not absolved of their obligation to repair the harm."[50]

### C.     *Wood Group's Arguments in Further Support of Its Motion*

In its reply, Wood Group concedes that credibility determinations are inappropriate when considering a motion for summary judgment; however, it asserts that no credibility determination is required to find that there was no breach by Wood Group or causation of Plaintiff's alleged injuries.[51] Wood Group asserts that Plaintiff's opposition relies entirely on accusations and conclusions regarding Wood Group's perceived duty, breach of that duty, and causation of Plaintiff's damages and that Plaintiff "fails to cite any support, jurisprudential, expert, or otherwise, for his statements."[52] Wood Group points to Plaintiff's briefing in which Plaintiff asserts "such an action is obviously a breach of duty" and "whatever portion of the 200 pound choke Plaintiff was holding was much too great at that position and caused his injury."[53] Wood Group asserts that although Plaintiff avers that there were unsafe work practices, the statements "amount to nothing more than the reworded regurgitations of the allegations contained in Plaintiff's Complaint."[54]

## III. Law and Analysis

### A.     *Legal Standard on a Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[50] *Id.* (citing La. Civ. Code art. 2315).

[51] Rec. Doc. 103 at p. 1.

[52] *Id.* at p. 2.

[53] *Id.*

[54] *Id.*

8

a matter of law."[55] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[56] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[57] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[58] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[59]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[60] Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[61] To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.[62] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to

---

[55] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[56] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[57] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[58] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[59] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[60] *Celotex*, 477 U.S. at 323.

[61] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994).

[62] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[63] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[64]

### B. Choice of Law

In Plaintiff's complaint, he alleges that his injury occurred on a platform at Eugene Island 32A.[65] Plaintiff asserts that the Outer Continental Shelf Lands Act ("OCSLA") governs this case, thereby conferring federal question jurisdiction on this Court pursuant to 28 U.S.C. § 1331. The OCSLA provides that the law of the state adjacent to the controversy is applicable to the extent that it is not inconsistent with other federal laws and regulations.[66] The parties agree that because Plaintiff's alleged injury occurred on a fixed production platform on the Outer Continental Shelf and "because OCSLA demands the application of the law of the adjacent state, Louisiana law applies."[67] Accordingly, this Court will apply Louisiana law.

### C. Analysis

Pursuant to Louisiana Civil Code article 2315, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To prove negligence under

---

[63] *Little*, 37 F.3d at 1075.

[64] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(C)(2).

[65] Rec. Doc. 1 at p. 2.

[66] 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355 (1969); *see also Dickerson v. Continental Oil Co.*, 449 F.2d 1209, 1213 (5th Cir. 1971) (noting that fixed platforms on the Outer Continental Shelf are artificial islands to be treated as "federal enclaves within a state" and are governed by the Outer Continental Shelf Lands Act).

[67] Rec. Doc. 74-1 at p. 9; Rec. Doc. 84 at p. 6.

Louisiana law, a plaintiff must show that: (1) "the defendant had a duty to conform his conduct to a specific standard;" (2) "the defendant's conduct failed to conform to the appropriate standard;" (3) "the defendant's substandard conduct was a cause in fact of the plaintiff's injuries;" (4) "the defendant's substandard conduct was a legal cause of the plaintiff's injuries;" and (5) "actual damages."[68] Wood Group moves for summary judgment on Plaintiff's negligence claim, asserting that Plaintiff has failed to put forward sufficient evidence to demonstrate that there was a breach of a duty to Plaintiff and that the breach caused Plaintiff's injuries.[69] Wood Group contends that Plaintiff's injury was caused by Plaintiff's "unilateral and unauthorized intervention in a controlled procedure performed by qualified and capable personnel."[70] Furthermore, Wood Group asserts that "[t]he pivotal fact, which is not in dispute, is that regardless of any alleged negligence involved in the way the valve was lifted – *plaintiff was not injured while lifting*."[71]

Wood Group first contends that the "slip of the lifting rope by no more than a half inch to an inch breached no duty to the plaintiff" and that the absence of any breach is further demonstrated by the fact that neither Runge nor Jackson were injured.[72] Plaintiff, in testifying about how he was injured, stated:

> And when we started pulling the valve up, we got it up high enough to clear the handrail, and I told them to hold the valve. And when I turned loose of the rope, I reached through the handrail and got a good grip on the valve. And when I got a good grip on the valve, somehow or another the rope got slack it in and the valve went down. And when it did, it jerked me into the handrail. I'm glad the handrail was there. I would have probably landed on the boat. The handrail is what actually

---

[68] *Lemann v. Essen Lange Daiquiris, Inc.*, 2005–1095 (La.3/10/06); 923 So.2d 627.

[69] Rec. Doc. 74 at p. 1.

[70] *Id.* at p. 12.

[71] *Id.*

[72] Rec. Doc. 74-1 at pp. 10–11.

11

stopped me from going overboard when the valve jerked me. And that is when the incident happened. That is when I started having pains.[73]

Questions of breach and causation are fact-driven inquiries typically left to the factfinder.[74] Wood Group has not presented any support for its argument that the slip of the rope cannot constitute "conduct [that] fail[s] to conform to the appropriate standard." Nor does Wood Group submit any support for its argument that there was no breach because neither Runge or Jackson were injured when the rope slipped. Plaintiff testified that he was not in the same position as Runge or Jackson when the rope slipped, but rather had both hands on the choke valve at the time and was injured when the valve "went down" and he was "jerked" into the handrail.[75] Further, there is no requirement that all parties must be injured in order for an action to constitute negligent conduct. Accordingly, the Court finds that Wood Group is not entitled to judgment as a matter of law on Plaintiff's negligence claim on the grounds that there is no evidence of a breach of a duty to Plaintiff. Plaintiff testified that he was injured when the rope slipped and whether this constitutes a breach is a question for the factfinder.

Turning to Wood Group's arguments that Plaintiff has failed to put forth sufficient evidence that the breach caused Plaintiff's injuries, the Court notes, as an initial matter, that the question of causation is also a fact-driven inquiry typically left to the factfinder.[76] As for Wood Group's first assertion, that Plaintiff's injury was really caused by Plaintiff's own interference, the Court finds that there is a genuine issue of material fact regarding this issue. Plaintiff testified that he went over

---

[73] Rec. Doc. 84-4 at p. 6.

[74] *Brewer v. J.B. Hunt Transport, Inc.*, Nos. 2009-C-1408, 2009-C-1428 (La. 3/16/10); 35 So. 3d 230, 240; *Bridgefield Cas. Ins. Co. v. J.E.S., Inc.*, 2009-0725 (La. App. 1 Cir. 2009); 29 So. 3d 570, 574–75.

[75] Rec. Doc. 84-4 at p. 6.

[76] *Bridgefield Cas. Ins. Co.*, 29 So. at 574–75.

to help pull the valve off of the boat because Craig Perkins, the lead operator, "hollered" at him.[77] Plaintiff also testified that the plan was for two other operators, Runge and Jackson, and him to pull the valve off of the boat.[78] However, Jackson testified that Plaintiff was not involved in the planning of the valve lift and that only Runge and Jackson were planning to participate in pulling the valve onto the platform.[79] Jackson further testified that they had the rope tied around the valve, pulled it up, and it was at the bottom of the handrail when Plaintiff appeared and asked if they wanted him to grab the valve.[80] Jackson testified that he responded in the affirmative, stating "And I said yeah. I mean, because we're pulling it up and there's a guy that shows up to grab it."[81] Therefore, at the very least, there is testimony in the record that Jackson and Runge invited Plaintiff to participate in the lift operation. Accordingly, the Court finds that there is a genuine issue of material fact as to whether Plaintiff's injuries were caused by his "unilateral and unauthorized intervention in a controlled procedure performed by qualified and capable personnel."[82]

Next, Wood Group argues that despite expert opinions regarding the safety of the lifting operation, Plaintiff was not injured while lifting and therefore any alleged breach of Wood Group's duty cannot have caused Plaintiff's injuries.[83] The Court notes that Plaintiff has admitted that he was not lifting the valve when he was allegedly injured.[84] However, Plaintiff testified that he "had just

---

[77] Rec. Doc. 84-4 at p. 3 ("I walked over there to help them because he hollered at me on the Gai-Tronics and said they were ready to make the lift, take the valve off the boat.").

[78] *Id.* at pp. 3–4.

[79] Rec. Doc. 84-5 at p. 9.

[80] *Id.* at pp. 9–10.

[81] *Id.* at p. 10.

[82] *Id.* at p. 12.

[83] Rec. Doc. 74-1 at p. 11.

[84] Rec. Doc. 74-25; Rec. Doc. 84-1.

13

got a real firm grip on [the choke valve]," "was fixing to begin to pull [the valve] in, [] when the jerk happened."[85] Wood Group appears to be arguing that because Plaintiff was not physically lifting the valve at the time he was injured, but rather holding it after the lift to try to pull it in, any breach of a duty by Wood Group did not cause Plaintiff's injury. The Court finds that this is a narrow view of the negligence alleged by Plaintiff. If a jury were to find that the "entire lifting operation was improper," as Wood Group asserts Plaintiff's proposed experts will testify,[86] an injury suffered by Plaintiff during the course of the lifting operation, regardless of whether it was suffered during an actual physical lift, could be deemed to be a breach of duty to conform Wood Group's conduct to a specific standard and be found by a jury to be the cause of Plaintiff's injuries. Accordingly, the Court finds that Wood Group is not entitled to judgment as a matter of law on Plaintiff's negligence claim on the grounds that Plaintiff failed to submit evidence regarding the legal cause of Plaintiff's injuries.

## IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Wood Group's "Motion for Summary Judgment on the Negligence Claims of Plaintiff"[87] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this 23rd day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[85] Rec. Doc. 74-2 at p. 27.

[86] Rec. Doc. 74-1 at pp. 10–11.

[87] Rec. Doc. 74.