## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDALL SAPP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3** |
| **WOOD GROUP PSN, INC., et al.** | **SECTION: "G"(3)** |

### ORDER

In this litigation, Plaintiff Randall Sapp ("Plaintiff"), a platform mechanic working on a platform at Eugene Island 32A, alleges that he was severely injured when he attempted to hoist a choke valve from a vessel onto the platform.[1] Pending before the Court is Defendants Energy XXI Gulf Coast, Inc. ("Energy XXI"), Abe's Boat Rentals, Inc. ("Abe's Boat Rentals"), Flow Petroleum Services, Inc. ("Flow Petroleum"), and Wood Group PSN, Inc. ("Wood Group") (collectively "Defendants") and Plaintiff's "Motion for Summary Judgment to Dismiss the Complaint of Intervention."[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No opposition to the pending motion, which was set for hearing on December 9, 2015, was submitted, timely or otherwise.[3] Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[4] Having reviewed the motion, the memorandum in support, and the applicable law, the Court will grant the motion in part and deny it in part.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 71.

[3] On December 23, 2015, the Court sent an e-mail to the parties noting that no opposition to the "Motion for Summary Judgment to Dismiss the Complaint of Intervention" had been filed and asking whether the Intervenors stipulated that Defendants and Plaintiff were entitled to summary judgment on the Intervenors' claim. *See* attached correspondence. The same day, counsel for Intervenors responded, stating "Intervenors will not file an opposition to the Motion." *Id.*

[4] *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

## I. Background

### A.    Factual Background

Plaintiff alleges that on October 10, 2014, he was working as a platform mechanic for Shamrock Management, LLC on a platform at Eugene Island 32A that is owned and operated by Energy XXI.[5] He alleges that Wood Group and Flow Petroleum were also performing work on the platform.[6] According to Plaintiff, on October 10, 2014, Abe's Boat Rentals transported a choke valve out to the platform, tied the valve to a rope, and signaled for the workers on the platform to lift the valve.[7] Plaintiff alleges that he was severely injured while attempting to hoist the valve onto the platform.[8]

### B.    Procedural Background

On January 2, 2015, Plaintiff filed a complaint against Defendants, alleging that his injury was caused by the negligence of Defendants.[9] On October 21, 2015, with leave of Court, Shamrock Energy Solutions, LLC ("Shamrock") and American Longshore Mutual Association, Ltd. ("American Longshore") (collectively "Intervenors") filed a complaint of intervention, alleging that, having paid Plaintiff workers' compensation benefits, they are entitled to recover "by preference and priority" any money received by Plaintiff.[10]

---

[5] Rec. Doc. 1 at pp. 2–3.

[6] *Id.* at p. 3.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 1.

[10] Rec. Doc. 34.

2

On November 23, 2015, Abe's Boat Rentals filed a "Motion for Summary Judgment of Abe's Boat Rentals, Inc."[11] On November 24, 2015, Plaintiff and Defendants, together, filed a "Motion for Summary Judgment to Dismiss the Complaint of Intervention."[12] On the same day, Defendants filed a "Motion to Exclude Cumulative Expert Testimony"[13] and a "Motion to Exclude and/or Limit Expert Testimony."[14] Also on November 24, 2015, Wood Group filed two motions for summary judgment, a "Motion for Summary Judgment on the Negligence Claims of Plaintiff"[15] and a "Motion for Summary Judgment on the Borrowed Employee Status of Derrick Runge and Clark Jackson."[16] On December 16, 2015, Wood Group filed a motion to withdraw its "Motion for Summary Judgment on the Borrowed Employee Status of Derrick Runge and Clark Jackson,"[17] which was granted on December 17, 2015.[18]

## II. Parties' Arguments

### A.    *Defendants and Plaintiff's Arguments in Support of Their Motion*

Defendants and Plaintiff move for summary judgment on the complaint of intervention filed by Shamrock Energy Solutions, LLC and American Longshore on the grounds that Shamrock waived its and its underwriter's rights of subrogation.[19] They assert that, at the time of the accident, Plaintiff

---

[11] Rec. Doc. 69.

[12] Rec. Doc. 71.

[13] Rec. Doc. 72.

[14] Rec. Doc. 73.

[15] Rec. Doc. 74.

[16] Rec. Doc. 76.

[17] Rec. Doc. 110.

[18] Rec. Doc. 111.

[19] Rec. Doc. 71-1 at p. 1.

was working in the course and scope of his employment with Shamrock and was performing work for Energy XXI pursuant to a Master Service Agreement.[20] They contend that American Longshore is the workers' compensation insurer of Shamrock.[21] According to Defendants and Plaintiff, the Master Service Agreement between Shamrock and Energy XXI required Shamrock to procure insurance polices for state workers' compensation and compensation pursuant to the Longshore and Harbor Workers' Compensation Act.[22] They also assert that pursuant to the Master Service Agreement, Shamrock and its insurers were required to waive any right to bring a subrogation claim against Energy XXI or its contractors.[23] In support, Defendants and Plaintiff cite the Master Service Agreement which states "[a]ll insurance policies shall contain the provision that the insurance companies waive the right of subrogation against Energy XXI, its agents, servants, invitees, employees or co-lessees, affiliated companies, contractors, subcontractors and their insurers. In addition to the coverage listed herein, this waiver must be added by endorsement to all floaters or policies covering Contractor's property used to perform under a contract with Energy XXI."[24] Defendants and Plaintiff assert that it is undisputed that Wood Group, Flow Petroleum, and Abe's Boat Rentals were contractors of Energy XXI.[25] Defendants additionally assert that they have

---

[20] *Id.* at p. 5.

[21] *Id.* at p. 6.

[22] *Id.*

[23] *Id.*

[24] *Id.* (citing Rec. Doc. 71-5 at p. 15).

[25] *Id.* (citing Rec. Docs. 71-5, 71-6, 71-7, 71-8).

4

requested from American Longshore the insurance policy that was in effect at the time of the alleged incident and will supplement the record once they receive it.[26]

Defendants and Plaintiff assert that Louisiana law allows the waiver of subrogation provisions to be enforced and that such waivers are not invalidated by the Louisiana Oilfield Anti-Indemnity Act ("LOAIA").[27] Defendants and Plaintiff contend that in *Hudson v. Forest Oil Corp.*,[28] the Fifth Circuit relied upon the Louisiana Supreme Court's ruling in *Fontenot v. Chevron*[29] in holding that the LOAIA did not apply to bar the waiver of subrogation clauses like the one involved in this case. In support, Defendants also cite *Alexie v. Bisso Marine Co., Inc.*,[30] a case from another section of the Eastern District of Louisiana, and *Morgan v. Hercules Drilling Co., LLC*,[31] a case from the Western District of Louisiana.[32] Defendants and Plaintiff assert that the court in *Alexie* found that both the Louisiana Supreme Court and the Fifth Circuit have held that intervention petitions should be dismissed when intervenors waive the right to re-coup worker's compensation benefits.[33] They assert that, similarly, in *Morgan*, the court found that the waiver of subrogation provisions would not violate the LOAIA.[34]

---

[26] *Id.* at p. 4.

[27] *Id.* at p. 6.

[28] 372 F.3d 742 (5th Cir. 2004).

[29] No. 95-C-1425 (La. 1996); 676 So. 2d 557.

[30] No. 07-6793, 2009 WL 1507307 (E.D. La. May 28, 2009) (Vance, C.J.).

[31] No. 09-2091, 2011 WL 3739053 (W.D. La. Aug. 22, 2011).

[32] Rec. Doc. 71-1 at p. 8.

[33] *Id.* (citing 2009 WL 1507307 at *1).

[34] *Id.* at p. 9 (citing 2011 WL 3739053 at *8).

Defendants and Plaintiff acknowledge that the law provides for a claim for credit towards future compensation benefits against any sums recovered by Plaintiff.[35] However, they contend that the complaint of intervention does not make a claim for any such credit.[36] Defendants assert that they have made an offer to the Intervenors to stipulate to the credit; however, the offer has not been accepted.[37]

### III. Law and Analysis

**A.**      ***Legal Standard on a Motion for Summary Judgment***

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[39] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[40] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[41] The nonmoving

---

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[39] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[40] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[41] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[42]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[43] Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[44] To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.[45] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[46] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[47]

**B.    *Analysis***

Pursuant to the Master Service Agreement dated May 31, 2006, entered into by Shamrock Management, LLC and Energy XXI, all insurance policies obtained by Shamrock Management, LLC

---

[42] *See, e.g., Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[43] *Celotex*, 477 U.S. at 323.

[44] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994).

[45] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[46] *Little*, 37 F.3d at 1075.

[47] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

were required to "contain the provision that the insurance companies waive the right of subrogation against Energy XXI, its agents, servants, invitees, employees or co-lessees, affiliated companies, contractors, subcontractors and their insurers."[48] Defendants and Plaintiff assert that it is undisputed that Wood Group, Flow Petroleum, and Abe's Boat Rentals were contractors.[49] In support, they submit a Master Time Charter Agreement dated August 4, 2009 entered into by Abe's Boat Rentals and Energy XXI in which the parties agreed that "Owner [(Abe's Boat Rentals)] is an independent contractor having special expertise in the operation, navigation and management of the Vessel . . . ."[50] Defendants and Plaintiff also submit a Master Service Agreement dated September 1, 2013, entered into by Energy XXI and Wood Group in which the parties agreed that Wood Group is an independent contractor.[51]

In addition, Defendants and Plaintiff submit a "Master Service Contract Between EPL OIL & GAS, INC. and Service Contractor" dated March 28, 2014, and entered into by EPL Oil & Gas, Inc. and Flow Services & Consulting.[52] In this agreement, the parties agreed that Flow Services & Consulting is an independent contractor for EPL Oil & Gas, Inc.[53] Defendants and Plaintiff assert in their "Statement of Uncontested Material Facts" that Energy XXI purchased the assets of EPL Oil & Gas Inc. in June 2014.[54] Defendants do not explain the relationship between Flow Services & Consulting and Defendant Flow Petroleum Services, Inc. However, Flow Petroleum has asserted in

---

[48] Rec. Doc. 71-5 at p. 15.

[49] Rec. Doc. 71-1 at p. 6.

[50] Rec. Doc. 71-8 at p. 5.

[51] Rec. Doc. 71-6 at p. 1.

[52] Rec. Doc. 71-7 at p. 2.

[53] *Id.* at p. 7.

[54] Rec. Doc. 71-3 at p. 1.

this litigation that it was an independent contractor of Energy XXI and submitted as evidence of the independent contractor relationship the "Master Service Contract Between EPL OIL & GAS, INC. and Service Contractor."[55] Therefore, the Court finds that Defendants have submitted evidence to demonstrate that Wood Group, Abe's Boat Rentals, and Flow Petroleum were all contractors of Energy XXI and were therefore entities intended to be covered by the waiver of subrogation provision in the Master Service Agreement between Shamrock Management, LLC and Energy XXI.

Although Shamrock Energy Solutions, LLC, not Shamrock Management, filed the complaint of intervention, Defendants and Plaintiff, in their "Statement of Uncontested Material Facts," refer to Plaintiff's employer as "Shamrock Management, LLC a/k/a Shamrock Energy Solutions, LLC."[56] Intervenors have not filed any opposition contesting Defendants and Plaintiffs' assertion that Shamrock Energy Solutions, LLC and Shamrock Management are one entity. American Longshore, in the complaint of intervention, alleges that it and Shamrock Energy Solutions, LLC have paid workers' compensation benefits to Plaintiff as a result of injuries he sustained while acting in the course and scope of his employment with Shamrock Energy Solutions, LLC.[57] Both the Louisiana Supreme Court and the Fifth Circuit have held that a waiver of an insurer's right to seek subrogation is enforceable.[58] Given the evidence submitted by Defendants and Plaintiff that all insurance

---

[55] *See* Rec. Doc. 79 at p. 2 ("Rather, Wood Group and [Flow Petroleum] are both independent contractors of Entergy."); Rec. Doc. 79-5. Although Flow Petroleum asserts that the entity for which it was an independent contractor was called "Entergy," it appears that this is a typographical error. Flow Petroleum refers to the platform owner as "Entergy XXI Gulf Coast, Inc." and refers to the company as "Entergy" throughout its briefing; however, there is no such party involved in this case. Rather, Plaintiff brings claims against the owner and operator of the platform at Eugene Island 32A, Defendant Energy XXI Gulf Coast, Inc. Rec. Doc. 1 at p. 2. Therefore, the Court infers that Flow Petroleum intended to say that they are an independent contractor of Energy XXI Gulf Coast, Inc.

[56] Rec. Doc. 71-3.

[57] Rec. Doc. 34 at p. 2.

[58] *Fontenot v. Chevron*, 95-C-1425, (La. 1996); 676 So.2d 557, 566; *Hudson v. Forest Oil Corp.*, 372 F.3d 742, 748 (5th Cir. 2004).

contracts entered into by Shamrock were required to contain a provision that the insurance companies waived the right to subrogation against Energy XXI and its contractors, the Court finds that American Longshore has waived any right to subrogation against Defendants.

Turning to whether Shamrock Energy Solutions, LLC itself has waived its rights to subrogation, Defendants and Plaintiff assert that the Master Service Agreement contains a provision that "Shamrock and its insurers, in this situation [American Longshore], waive the right of subrogation against Energy XXI and its contractors, subcontractors and their insurers."[59] However, the only provision of the Master Service Agreement Defendants and Plaintiff point to in support of their claim that the parties waived the right of subrogation is the paragraph in which the parties agree that "[a]ll insurance policies shall contain the provision that the insurance companies waive the right of subrogation against Energy XXI, its agents, servants, invitees, employees, or co-lessees, affiliated companies, contractors, subcontractors and their insurers."[60] This provision contains no requirement that Shamrock itself waives its rights to subrogation.

In section two of the Master Service Agreement titled "Independent Contractor," the Master Service Agreement states that "[i]rrespective of ENERGY XXI's status as the statutory employer or special employer (as defined in La. R.S. 23:1031 (C) of Contractor's employees, Contractor shall remain primarily responsible for the payment of Louisiana Workers' Compensation benefits to its employees and shall not be entitled to seek contribution for any such payments from ENERGY XXI."[61] Therefore, it appears that Shamrock waived its rights to contribution for Louisiana Workers'

---

[59] Rec. Doc. 71-1 at p. 5.

[60] Rec. Doc. 71-5 at p. 15.

[61] *Id.* at p. 2.

10

Compensation benefits. However, Shamrock and American Longshore allege in the complaint of intervention that Plaintiff was paid workers' compensation benefits pursuant to the Longshore and Harbor Worker's Compensation Act, not Louisiana Workers' Compensation benefits. Accordingly, the Court finds that there is a genuine issue of material fact regarding whether Shamrock Energy Solutions, LLC waived its rights to subrogation such that Defendants and Plaintiff are not entitled to summary judgment on the complaint of intervention.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants and Plaintiff's "Motion for Summary Judgment to Dismiss the Complaint of Intervention"[62] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent it moves for summary judgment regarding American Longshore's claims.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent it moves for summary judgment regarding Shamrock Energy Solutions, LLC's claims.

**NEW ORLEANS, LOUISIANA** this 29th day of December, 2015.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[62] Rec. Doc. 71.



RE: No. 15-3, Sapp v. Wood Group PSN, Inc., et al.
Alan Brackett
to:
eFile-Brown@laed.uscourts.gov
12/23/2015 10:18 PM
Cc:
"arlenb@braudandgallagher.com", "michelleg@braudandgallagher.com",
"stevenj@braudandgallagher.com", "Chuck.Talley@KeanMiller.com",
"daniel.stanton@keanmiller.com", "srainwater@twpdlaw.com", "mmaraist@twpdlaw.com",
"rkovach@twpdlaw.com", "bcass@dkslaw.com", "krosamond@dkslaw.com",
"phale@dkslaw.com", Patrick Babin
Hide Details
From: Alan Brackett <abrackett@mblb.com> Sort List...
To: "eFile-Brown@laed.uscourts.gov" <eFile-Brown@laed.uscourts.gov>
Cc: "arlenb@braudandgallagher.com" <arlenb@braudandgallagher.com>,
"michelleg@braudandgallagher.com" <michelleg@braudandgallagher.com>,
"stevenj@braudandgallagher.com" <stevenj@braudandgallagher.com>,
"Chuck.Talley@KeanMiller.com" <Chuck.Talley@KeanMiller.com>,
"daniel.stanton@keanmiller.com" <daniel.stanton@keanmiller.com>,
"srainwater@twpdlaw.com" <srainwater@twpdlaw.com>, "mmaraist@twpdlaw.com"
<mmaraist@twpdlaw.com>, "rkovach@twpdlaw.com" <rkovach@twpdlaw.com>,
"bcass@dkslaw.com" <bcass@dkslaw.com>, "krosamond@dkslaw.com"
<krosamond@dkslaw.com>, "phale@dkslaw.com" <phale@dkslaw.com>, Patrick Babin
<pbabin@mblb.com>

Intervenors will not file an opposition to the Motion.

**Alan G. Brackett • Member**
**Mouledoux, Bland, Legrand & Brackett LLC**
701 Poydras Street, Suite 4250 • New Orleans, LA 70139
P. 504-595-3000 • F. 504-522-2121 • C. 504-494-7651
email • website • bio • vCard

Visit our MBLB blogs for recent developments and other items of interest:

Legal Lagniappe – The Law and a Little Something Extra
Navigable Waters – Maritime, Longshore and Defense Base Act Blog
La Comp Defense – Louisiana Workers' Compensation Blog

**From:** Delia_McCarthy@laed.uscourts.gov [mailto:Delia_McCarthy@laed.uscourts.gov] **On Behalf Of** eFile-Brown@laed.uscourts.gov
**Sent:** Wednesday, December 23, 2015 3:28 PM
**To:** Alan Brackett
**Cc:** arlenb@braudandgallagher.com; michelleg@braudandgallagher.com; stevenj@braudandgallagher.com; Chuck.Talley@KeanMiller.com; daniel.stanton@keanmiller.com; srainwater@twpdlaw.com; mmaraist@twpdlaw.com; rkovach@twpdlaw.com; bcass@dkslaw.com; krosamond@dkslaw.com; phale@dkslaw.com
**Subject:** No. 15-3, Sapp v. Wood Group PSN, Inc., et al.

On November 24, 2015, Defendants and Plaintiff filed a "Motion for Summary Judgment to Dismiss the Complaint of Intervention." The motion was set for submission on December 9, 2015. The Court has not received any opposition to the motion. Is the Court to understand that Intervenors stipulate that Defendants and Plaintiff are entitled to summary judgment on the Intervenors' claim?