UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDALL SAPP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3** |
| **WOOD GROUP PSN, INC., et al.** | **SECTION: "G"(3)** |

## ORDER

In this litigation, Plaintiff Randall Sapp, a platform mechanic working on a platform at Eugene Island 32A, alleges that he was severely injured when he attempted to hoist a valve from a vessel onto the platform.[1] Pending before the Court is Defendant Abe's Boat Rentals, Inc.'s ("Abe's Boat Rentals") "Motion for Summary Judgment of Abe's Boat Rentals, Inc."[2] Having reviewed the motion, memorandum in support, memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

### I. Background

*A.    Factual Background*

Plaintiff alleges that on October 10, 2014, he was working as a platform mechanic for Shamrock Management, LLC on a platform at Eugene Island 32A that is owned and operated by Defendant Energy XXI Gulf Coast, Inc. ("Energy XXI").[3] He alleges that Defendants Wood Group PSN, Inc. ("Wood Group") and Flow Petroleum Services, Inc. ("Flow Petroleum") were also performing work on the platform.[4] According to Plaintiff, on October 10, 2014, Defendant Abe's Boat Rentals, Inc. ("Abe's Boat Rentals") transported a choke valve out to the platform, tied the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 69.

[3] Rec. Doc. 1 at pp. 2–3.

[4] *Id.* at p. 3.

valve to a rope, and signaled for the workers on the platform to lift the valve.[5] Plaintiff alleges that he was severely injured while attempting to hoist the valve onto the platform.[6]

### B.     *Procedural Background*

On January 2, 2015, Plaintiff filed a complaint against Defendants, alleging that his injury was caused by the negligence of Defendants.[7] On October 21, 2015, with leave of Court, Shamrock Energy Solutions, LLC ("Shamrock") and American Longshore Mutual Association, Ltd. ("American Longshore") filed a complaint of intervention, alleging that, having paid Plaintiff workers' compensation benefits, they are entitled to recover "by preference and priority" any money received by Plaintiff.[8]

On November 23, 2015, Abe's Boat Rentals filed the instant motion, "Motion for Summary Judgment of Abe's Boat Rentals, Inc."[9] On November 24, 2015, Defendants and Plaintiff filed a "Motion for Summary Judgment to Dismiss the Complaint of Intervention."[10] On the same day, Defendants filed a "Motion to Exclude Cumulative Expert Testimony"[11] and a "Motion to Exclude and/or Limit Expert Testimony."[12] Also on November 24, 2015, Wood Group filed two motions for summary judgment, "Motion for Summary Judgment on the Negligence Claims of Plaintiff"[13] and "Motion for Summary Judgment on the Borrowed Employee Status of Derrick Runge and Clark

---

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 1.

[8] Rec. Doc. 34.

[9] Rec. Doc. 69.

[10] Rec. Doc. 71.

[11] Rec. Doc. 72.

[12] Rec. Doc. 73.

[13] Rec. Doc. 74.

2

Jackson."[14] On December 16, 2015, Wood Group filed a motion to withdraw its "Motion for Summary Judgment on the Borrowed Employee Status of Derrick Runge and Clark Jackson,"[15] which was granted on December 17, 2015.[16] On December 7, 2015, Plaintiff filed his opposition to the instant motion.[17]

## II. Parties' Arguments

### A.     *Defendant Abe's Boat Rentals' Arguments in Support of its Motion*

Abe's Boat Rentals moves for summary judgment on Plaintiff's negligence claim against it, asserting that it did not owe any legal duty to Plaintiff and that even if it did, there is no evidence that a legal duty was breached.[18] Plaintiff contends that maritime jurisdiction and law "probably does not apply to plaintiff's claim against Abe's, as owner of the M/V CAPT. JOEL, because Plaintiff was injured on a fixed platform – not aboard a vessel – and the M/V CAPT. JOEL did not cause Plaintiff's injury."[19] However, Abe's Boat Rentals contends that regardless of whether maritime law or Louisiana law applies, the analysis is the same because analysis of a maritime tort is guided by general principles of negligence law.[20] Abe's Boat Rentals contends that an alleged tortfeasor is accountable only to those to whom they owe a duty.[21] Abe's Boat Rentals asserts that under either

---

[14] Rec. Doc. 76.

[15] Rec. Doc. 110.

[16] Rec. Doc. 111.

[17] Rec. Doc. 87.

[18] Rec. Doc. 69-1 at pp. 5, 8.

[19] *Id.* at p. 6 (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527 (1995)).

[20] *Id.* (citing *Casaceli v. Martech Int'l Inc.*, 774 F.2d 1322 (5th Cir. 1985)).

[21] *Id.* (citing *Gisclair v. Galliano Marine Serv.*, 484 F. Supp. 2d 518, 520 (E.D. La. 2007)).

3

general maritime law or Louisiana tort law, "there must be a duty owed, a breach of the duty, an injury, and a causal connection between the defendant's conduct and the plaintiff's injury."[22]

Abe's Boat Rentals avers that whether or not a duty is owed is a question of law.[23] Abe's Boat Rentals asserts that its M/V CAPT. JOEL delivered a choke valve to the platform, but the crew of the M/V CAPT. JOEL did not decide how or who would perform the task of lifting the choke off of the vessel's dock.[24] Instead, Abe's Boat Rentals contends, those decisions were made by personnel on the platform.[25] Abe's Boat Rentals contends that the crew of the M/V CAPT. JOEL did not control Plaintiff's work or activity on the platform, Plaintiff was not taking any directions from the crew of the M/V CAPT. JOEL, nor did the M/V CAPT. JOEL have any supervisory authority over Plaintiff.[26] According to Abe's Boat Rentals, there is no evidence that it knew or should have known that Plaintiff would be injured in the manner he described.[27] Abe's Boat Rentals also contends that "[t]he injury claimed by Plaintiff against Abe's is too attenuated from its deckhand tying one end of a rope to a choke lifted aboard a platform by others to result in liability against Abe's."[28]

---

[22] *Id.* (citing *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000); *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627 (La. 2006)).

[23] *Id.*

[24] *Id.* at p. 7.

[25] *Id.*

[26] *Id.*

[27] *Id.* at p. 8.

[28] *Id.*

4

B.    *Plaintiff's Arguments in Opposition*

In opposition, Plaintiff asserts that "factual disputes exist and there are credibility determinations that must be made to determine whether Abe's [Boat Rentals] owed Plaintiff a duty."[29] In the alternative, Plaintiff asserts that "the indisputable facts regarding the actions of Abe's [Boat Rentals], viewed in the light most favorable to Plaintiff, result in Abe's [Boat Rentals] owing a duty to Plaintiff."[30] Plaintiff contends that the Outer Continental Shelf Lands Act applies to this dispute and requires the application of Louisiana law.[31] Plaintiff asserts that to prove negligence under Louisiana law, a plaintiff must establish: "(1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to confirm to the appropriate standard; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries; and (5) actual damages."[32] Plaintiff also asserts that under Louisiana law, independent contractors owe third parties "at the very least . . . the duty to refrain from gross, willful, or wanton negligence, at the most the duty to refrain from creating an unreasonable risk of harm or a hazardous condition."[33]

According to Plaintiff, duty is a question of law; however, "Louisiana courts do not grant summary judgment on the issue of duty where factual disputes exist or where credibility

---

[29] Rec. Doc. 87 at p. 1.

[30] *Id.*

[31] *Id.* at p. 3.

[32] *Id.* at p. 4 (quoting *Bass v. Superior Energy Servs. Inc.*, No. 13-5175, 2015 WL 460378, at *9 (E.D. La. Feb. 3, 2015) (Brown, J.)).

[33] *Bass*, 2015 WL 460378, at *12.

5

determinations are required."[34] Plaintiff asserts that it is undisputed that Abe's Boat Rentals was in control of the choke valve as it was on its vessel and anyone can exercise Stop Work Authority, "which stops all work once someone believes that an unsafe practice or dangerous situation has been created."[35] Plaintiff also contends that whether an Abe's Boat Rentals deckhand lifted the choke valve prior to the procedure is an important disputed fact.[36] Plaintiff asserts that "knowing just how heavy the choke valve was raises even more of a question as to why Abe's [Boat Rentals] consented to be apart [sic] of the procedure and allowed the choke valve to be unloaded in such a manner."[37] Plaintiff contends that summary judgment is improper "[a]s this very important factual and credibility issue remains in dispute . . . ."[38]

In the alternative, Plaintiff contends that even if the Court determines that this is not a significant factual issue, Abe's Boat Rentals owed Plaintiff the duty to refrain from creating an unreasonable risk of harm or a hazardous condition.[39] In support, Plaintiff cites a Louisiana First Circuit Court of Appeal case, *Lafont v. Chevron U.S.A.*[40] According to Plaintiff, in that case, the court reasoned that independent contractors working on the same premises owe the same duty of ordinary care to each other as they owe the public.[41] Plaintiff contends that the facts at issue in this

---

[34] *Id.* (quoting *Bass*, 2015 WL 460378, at *10).

[35] *Id.* at pp. 3–4.

[36] *Id.* at p. 4.

[37] *Id.*

[38] *Id.*

[39] *Id.* at p. 5.

[40] 593 So. 2d 416, 418 (La. App. 1 Cir. 12/27/91).

[41] Rec. Doc. 87 at p. 5 (citing *Lafont*, 593 So. 2d at 420).

case are similar to those in *Lafont*.[42] Plaintiff asserts that it is undisputed that an Abe's Boat Rentals deckhand tied the rope to the choke valve.[43] Plaintiff contends that he intends to prove that the entire procedure, from its planning to the time of his injury, constituted an unsafe work practice in which Abe's Boat Rentals took part.[44] Plaintiff also contends that this case is analogous to *Bass v. Superior Energy Services, Inc.*, in which this Court denied summary judgment, finding that a duty may exist because the duty of independent contractors to third parties "may extend to incidents at work sites arising from unsafe practices."[45]

### III. Law and Analysis

#### A.     *Legal Standard on a Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[46] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[47] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[48] If the record, as

---

[42] *Id.*

[43] *Id.* (citing Rec. Doc. 69-1 at p. 7).

[44] *Id.*

[45] *Id.* (quoting *Bass v. Superior Energy Servs. Inc.*, No. 13-5175, 2015 WL 460378, at *14 (E.D. La. Feb. 3, 2015) (Brown, J.)).

[46] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[47] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[48] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[49] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[50]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[51] Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[52] To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.[53] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[54] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[55]

---

[49] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[50] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[51] *Celotex*, 477 U.S. at 323.

[52] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994).

[53] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[54] *Little*, 37 F.3d at 1075.

[55] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(C)(2).

B.   *Choice of Law*

In Plaintiff's complaint, he alleges that his injury occurred on a platform at Eugene Island 32A.[56] Plaintiff asserts that the Outer Continental Shelf Lands Act ("OCSLA") governs this case, thereby conferring federal question jurisdiction on this Court pursuant to 28 U.S.C. § 1331.[57] The OCSLA provides that the law of the state adjacent to the controversy is applicable to the extent that it is not inconsistent with other federal laws and regulations.[58]

Abe's Boat Rentals contends that "[m]aritime jurisdiction and law probably does not apply to plaintiff's claim against [it]" because Plaintiff was injured on a fixed platform; however, "whether maritime or Louisiana law applies, the end result should be the same, because analysis of a maritime tort is guided by general principles of negligence law."[59] Plaintiff asserts that he "offers no objection to Abe's [Boat Rentals] assertion that the Outer Continental Shelf Lands Act ("OCSLA") applies to this dispute, and requires the application of Louisiana law."[60] Accordingly, because the parties agree that Plaintiff's injury occurred on a fixed production platform on the Outer Continental Shelf off of Louisiana's coast and OCSLA provides that the law of the state adjacent to the controversy is applicable to the extent that it is not inconsistent with other federal laws and regulations, this Court will apply Louisiana law.

C.   *Analysis*

Abe's Boat Rentals moves for summary judgment on Plaintiff's negligence claim against it,

---

[56] Rec. Doc. 1 at p. 2.

[57] *Id.*

[58] 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355 (1969); *see also Dickerson v. Continental Oil Co.*, 449 F.2d 1209, 1213 (5th Cir. 1971) (noting that fixed platforms on the Outer Continental Shelf are artificial islands to be treated as "federal enclaves within a state" and are governed by the Outer Continental Shelf Lands Act).

[59] Rec. Doc. 69-1 at p. 6 (citing *Casaceli v. Martech Int'l Inc.*, 774 F.2d 1322 (5th Cir. 1985)).

[60] Rec. Doc. 87 at p. 3.

arguing that it did not owe any legal duty to Plaintiff and even if it did, there is no evidence that a legal duty was breached.[61] Plaintiff contends that summary judgment is improper because there is an "important factual and credibility issue" in dispute regarding whether one of Abe's Boat Rentals' deckhands lifted the choke valve prior to the procedure.[62] In the alternative, Plaintiff contends that Abe's Boat Rentals did owe Plaintiff a duty to refrain from creating an unreasonable risk of harm or a hazardous condition.[63]

Pursuant to Louisiana Civil Code article 2315, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To prove negligence under Louisiana law, a plaintiff must show that: (1) "the defendant had a duty to conform his conduct to a specific standard;" (2) "the defendant's conduct failed to conform to the appropriate standard;" (3) "the defendant's substandard conduct was a cause in fact of the plaintiff's injuries;" (4) "the defendant's substandard conduct was a legal cause of the plaintiff's injuries;" and (5) "actual damages."[64]

### 1. Duty

In *Lemann v. Essen Lane Daiquiris*, the Louisiana Supreme Court held that the "threshold issue" of whether a defendant owed a duty "is a question of law."[65] In determining whether the defendant owed a duty, the Louisiana Supreme Court has stated:

> [T]he court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that

---

[61] Rec. Doc. 69-2 at p. 8.

[62] Rec. Doc. 87 at p. 4.

[63] *Id.* at p. 5 (citing *Lafont v. Chevron U.S.A.*, 593 So. 2d 416, 418 (La. App. 1 Cir. 12/27/91)).

[64] *Lemann v. Essen Lange Daiquiris, Inc.*, 2005–1095 (La.3/10/06); 923 So.2d 627.

[65] *Id.* at 633.

the defendant owed him a duty.[66]

Although duty is a question of law, Louisiana courts do not grant summary judgment on the issue of duty where factual disputes exist or where credibility determinations are required.[67]

Plaintiff and Abe's Boat Rentals were both working as independent contractors for Energy XXI, the owner and operator of the platform.[68] This Court has previously held[69] that following the holdings of the Louisiana First Circuit Court of Appeal in *Lafont v. Chevron, U.S.A., Inc.*,[70] and other Louisiana appellate courts,[71] and consistent with the findings of other federal courts,[72] independent contractors owe third parties "at the very least . . . the duty to refrain from gross, willful or wanton negligence, and at most the duty to refrain from creating an unreasonable risk of harm or a hazardous condition."[73] The Louisiana Supreme Court has defined "gross negligence" as "the want of even slight care and diligence," and the "want of that diligence which even careless men are accustomed to exercise."[74] The Louisiana Supreme Court does not appear to have addressed the meaning of "unreasonable risk[s] of harm" in the context of claims arising from injuries suffered by

---

[66] *Id.* (internal citations omitted).

[67] *Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716 (La. App. 3 Cir. 6/23/99); 742 So.2d 18, 10–11 ("Summary judgment is proper only where no duty exists as a matter of law and no factual or credibility disputes exists."); *Coates v. Nettles*, 563 So.2d 1257, 1259 (La. App. 1 Cir. 1990) ("Where there is no factual dispute which exists and no credibility determination required, the question of the existence of a duty is a legal question within the province of the trial judge."). *See also Robertson v. Blanchard Contractors, Inc.*, No. 11-1453, 2012 WL 6202988 (E.D. La. Dec. 12, 2012) (Brown, J) (same).

[68] Rec. Doc. 87 at pp. 1–2.

[69] *Bass v. Superior Energy Servs. Inc.*, No. 13-5175, 2015 WL 460378, at *14 (E.D. La. Feb. 3, 2015) (Brown, J.)).

[70] 593 So. 2d 416 (La. App. 1 Cir. 12/27/91).

[71] *Cormier v. Honiron Corp.*, 2000–446, 771 So.2d 193, 197 (La. App. 3 Cir. 9/27/00).

[72] *McCarroll v. Wood Group Mgmt. Servs.*, 561 F. App'x 407, 409–10 (5th Cir. 2014); *Joyner v. Ensco Offshore Co.*, No. Civ. A 99-3754, 2001 WL 118599, at *3 (E.D. La. Feb. 9, 2001) (Duval, J.).

[73] *Lafont*, 593 So. 2d at 420.

[74] *Rabalais v. Nash*, 2006-0999 (La. 3/9/07); 952 So.2d 653, 658 (citations omitted).

plaintiffs who assist at work sites.[75] Louisiana Courts of Appeal, however, have done so.

In *LeBleu v. Dynamic Industrial Constructors, Inc.*, for example, the Louisiana Third Circuit Court of Appeal found that an employee of the defendant created an unreasonable risk of harm when he attempted to hitch a trailer using only a pry bar, thereby injuring the plaintiff, a construction worker who was assisting the employee.[76] Therefore, under Louisiana law, independent contractors generally do owe third parties a duty, and such a duty may extend to incidents at work sites arising from unsafe practices.

The Louisiana Supreme Court instructs that the existence of a duty is determined both by the applicable law, if any exists, and by the "unique facts and circumstances" of the case.[77] Accordingly, the Court now considers whether Abe's Boat Rentals has demonstrated that Plaintiff will be unable to establish the existence of a duty in light of the unique facts and circumstances presented in this case. Abe's Boat Rentals cites only one case, a case from another section of the Eastern District of Louisiana, *Gisclair v. Galliano Marine Service*, in support of its contention that the facts in this case demonstrate that it did not owe any duty to Plaintiff.[78] However, Abe's Boat Rentals provides no further explanation on how that case is analogous to the facts here.

In *Gisclair*, the court analyzed a negligence claim under general maritime law.[79] The court found that the connection between the alleged negligence of the defendant in repairing a freezer onboard a vessel and the back injury plaintiff, who was a member of a crew of an adjacent vessel,

---

[75] Most frequently, Louisiana courts have addressed the issue in the context of premises liability. *See, e.g. Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13); 113 So.3d 175.

[76] 526 So.2d 1184 (La. App. 3 Cir. 1988).

[77] *Lemann*, 923 So.2d at 633 ("In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented.").

[78] Rec. Doc. 69-1 at p. 8 (citing No. 05-5223, 484 F. Supp. 2d 518 (E.D. La. 2007) (Vance, J.).

[79] 484 F. Supp. 2d at 520–21.

sustained while helping to transfer the items out of the freezer, was too attenuated to be foreseeable.[80] *Gisclair* is not analogous to the facts at issue here. In this case, Abe's Boat Rentals agrees that it delivered a choke value to the platform and that its deckhand tied a rope around the choke valve so that it could be lifted onto the platform.[81] Plaintiff alleges that he suffered pain in his lower back while participating in the lift itself.[82] The injury in this case is more closely related than the injury at issue in *Gisclair*.

Plaintiff asserts that there is a genuine issue of material fact that precludes summary judgment because there is "disputed testimony as to whether one of Abe's [Boat Rentals's] deckhands lifted the choke valve prior to the procedure."[83] Plaintiff points to the deposition testimony of Jonathan Craig Perkins ("Perkins"), the lead operator for Eugene Island 32A, who testified that he and Clark Jackson ("Jackson") had gone to the deck of the boat to check the weight of the choke valve.[84] Perkins further testified that he, Jackson, and a deckhand had all picked up the choke valve when it was on the boat to check the weight.[85] Plaintiff also points to the deposition testimony of Derrick Runge ("Runge"), one of the men who participated in the lifting procedure, who testified that prior to pulling the valve off of the boat, he and Jackson had lifted the valve while it was on the boat to see how heavy it was.[86] Plaintiff contends that "knowing just how heavy the choke valve was raises even more of a question as to why Abe's [Boat Rentals] consented to be

---

[80] *Id.*

[81] Rec. Doc. 69-1 at p. 7.

[82] Rec. Doc. 69-6 at p. 6.

[83] Rec. Doc. 87 at p. 4.

[84] Rec. Doc. 69-3 at pp. 7–8.

[85] *Id.*

[86] Rec. Doc. 87-6 at p. 5.

apart [sic] of the procedure and allowed the choke valve to be unloaded in such a manner."[87] Although duty is a question of law, Louisiana courts caution that "summary judgment is proper only where no duty exists as a matter of law and no factual or credibility disputes exist[]."[88] There appears to be a genuine issue of material fact regarding whether a deckhand working for Abe's Boat Rentals had knowledge of an allegedly unsafe work site practice. In light of the factual dispute still present in this case, the Court is unable to conclude, as a matter of law, that Plaintiff will be unable to establish that Abe's Boat Rentals owed him a duty.[89]

### 2. Breach

Abe's Boat Rentals also asserts that even if it did owe a legal duty, there is no evidence that a legal duty was breached.[90] However, Abe's Boat Rentals does not make any arguments regarding this point. Questions of breach and causation are fact-driven inquiries typically left to the factfinder.[91] Plaintiff appears to be asserting that Abe's Boat Rentals was negligent because it was involved in a procedure which "from its planning to the time of [Plaintiff's] injury, was an unsafe work practice" and Abe's Boat Rentals failed to exercise Stop Work Authority.[92] Plaintiff asserts that Abe's Boat Rentals was "in control of the choke valve, as it was on their vessel the Capt. Joel," that there is disputed testimony as to whether one of its deckhands lifted the choke valve prior to the procedure and therefore knew how heavy it was, and that one of its deckhands tied a rope to the

---

[87] *Id.*

[88] *Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716, 742 So.2d 18 (La. App. 3 Cir. 6/23/99). *See also Coates v. Nettles*, 563 So.2d 1257 (La. App. 1 Cir. 1990) (same).

[89] To the extent that Superior urges this Court to find the present case analogous to *Joyner*, Superior has not pointed to undisputed facts demonstrating that Bass had any specialized technical experience, let alone the 10-12 years of experience found significant in that case.

[90] Rec. Doc. 69-1 at p. 8.

[91] *Brewer v. J.B. Hunt Transport, Inc.*, Nos. 2009-C-1408, 2009-C-1428 (La. 3/16/10); 35 So. 3d 230, 240; *Bridgefield Cas. Ins. Co. v. J.E.S., Inc.*, 2009-0725 (La. App. 1 Cir. 2009); 29 So. 3d 570, 574–75.

[92] Rec. Doc. 87 at pp. 4–5.

choke valve so that it could be manually lifted.[93] Accordingly, the Court finds that there is a genuine issue of material fact regarding whether Abe's Boat Rentals breached its duty to Plaintiff.

### IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Abe's Boat Rentals' "Motion for Summary Judgment of Abe's Boat Rentals, Inc.[94] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this  30th  day of December, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[93] *Id.* at pp. 3–4.

[94] Rec. Doc. 69.